UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
YOLANDA UVIDIA,                                                   Docket No. CV-146028

                              Plaintiff,

        -against-

KOHL'S DEPARTMENT STORES, INC.,
                                                                 (Lindsay, M)
                              Defendant.
-----------------------------------------------------------------X


# MEMORANDUM IN SUPPORT OF
# MOTION FOR SUMMARY JUDGMENT


STEVEN F. GOLDSTEIN, LLP
By: Steven F. Goldstein
Attorneys for Defendant
One Old Country Road, Suite 318
Carle Place, New York 11514

# TABLE OF CONTENTS

TABLE OF AUTHORITIES AND OTHER SOURCES . . . . . . . . . . . . . . . . . .   -i-

PRELIMINARY STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

FACTUAL STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2

POINT I

      STANDARDS APPLICABLE TO THIS MOTION. . . . . . . . . . . . . . . . .   4

POINT II.

      PLAINTIFFS 42 U.S.C. §1981 CLAIM MUST BE DISMISSED. . . . . . . .   6

POINT III

      PLAINTIFF'S 42 U.S.C. §1985(3) CLAIM MUST BE DISMISSED. . . . .   9

POINT IV

      PLAINTIFF WAS NOT FALSELY IMPRISONED . . . . . . . . . . . . . . . . . .   13

POINT V

      THE PROSECUTION OF PLAINTIFF, IF ANY, WAS JUSTIFIED. . . . . .   16

POINT VI

      PLAINTIFF'S CAUSE OF ACTION FOR INTENTIONAL
      INFLICTION EMOTION DISTRESS MUST BE DISMISSED. . . . . . . . . . .   18

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   20

## TABLE OF AUTHORITIES
## AND OTHER SOURCES

*Anderson v. Liberty Lobby,*
477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). . . . . . . . . . . . . . . . . . .    4

*Bell v Gap,*
735 N.Y.S.2d 708, 189 Misc.2d 719, (App.Term, 2001) . . . . . . . . . . . . . . . . . . .    15

*Bishop v Toys 'R' Us-NY LLC,* 441 F. Supp. 2d 385, 393
(S.D.N.Y.2006) (quoting *Arguello v Conoco, Inc.,*
330 F. 3d 355, 359-60 (5th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    7

*Brown v Sears Roebuck and Co.,*
297 A.D.2d 205, 746 N.Y.S.2d 141 [1st Dep't, 2002] . . . . . . . . . . . . . . . . . . . . .    16

*Burlew v Amercian Mut. Ins. Co.,*
63 N.Y.2d412, 482 N.Y.S.2d 720 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    19

*Caban v. City of N.Y.,*
11-CV-3417 (SAS), 2012 U.S. Dist. LEXIS 170981,
(S.D.N.Y. Nov. 30, 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    5

*Carson v Lewis,*
35 F. Supp 2d 250, 269-270 ( E.D.N.Y. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . .    6

*Celotex Corp. v. Catrett,*
477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). . . . . . . . . . . . . . . . . . .    4

*Cifarelli v. Village of Babylon,*
93 F.3d 47, 51 (2d Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    5

*Colon v City of New York,*
60 N.Y.2d 78,82, 468 N.Y.S.2d 453 [1983] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    16

*Colon v Wal-Mart Stores, Inc,*
182 Misc. 2d 921, 703 N.Y.S.2d 863 (Sup.Ct., Montgomery County, 1990). . . . . . . .    19

*Conteh v Sears, Roebuck and Co.,*
38 A.D.2d 314, 831 N.Y.S.2d 408 [1st Dep't, 2007] . . . . . . . . . . . . . . . . . . . . . . . .    16

-i-

*Corbett v City of New York,*
2013 U.S. Dist. LEXIS 137824 (E.D.N.Y 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . .   7

*DeFabio v. East Hampton Union Free Sch. Dist.,*
623 F.3d 71, 81 (2d Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

*Dowrich v Aramark Healthcare Support Servs.,*
No. 03 Civ. 2392, 2007 U.S. Dist. LEXIS 65268 ( E.D.N.Y. Sept. 4, 2007) . . . . .   7

*Drayton v Toys 'R' Us, Inc,*
645 F. Supp. 2d 149 (S.D.N.Y. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9

*Eastman Kodak Co. v. Image Tech. Servs., Inc.,*
504 U.S. 451, 457, 112 S. Ct. 2072, 119 L. Ed. 2d 265 (1992) . . . . . . . . . . . . . . .   4

*Freihfer v Hearst Corp.,* 65 N.Y.2d 135, 490 N.Y.S.2d (1985) . . . . . . . . . . . . . . .   19

*Gignac v Ontario County.,*
2012 U.S. Dist. LEXIS 4031 (W.D.N.Y. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . .   8

*Hayut v. State Univ. of N.Y.,*
352 F.3d 733, 743 (2d Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

*Herrmann v. Moore,*
576 F.2d 453, 459 (2d Cir.1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   12

*Howell v New York Post, Co.,*
81 N.Y.2d 115, 595 N.Y.S.2d 350 (1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   18

*Jacques v Sears, Roebuck & Co.,*
30 N.Y.2d 466,466,472, 334 N.Y.S.2d 632 (1972) . . . . . . . . . . . . . . . . . . . . . . . .   15

*Jeffreys v. City of New York ,*
426 F.3d at 554; see *DeFabio,* 623 F.3d at 81 . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

*Jett v Dallas Indep. Sch. Dist.*
491 U.S. 701, 735-36, 105 L. Ed. 2d 598, 109 S. Ct. 2702 (1989) . . . . . . . . . . . .   7

*Latrieste Restaurant & Cabaret Inc., v Village of Port Chester,*
40 F. 3d 587, 590 ( 2d Cir. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7

*LeBlanc-Sternberg v. Fletcher,*
67 F.3d 412, 427 (2d Cir.1995) (quoting § 1985(3) . . . . . . . . . . . . . . . . . . . . . . . .   11

-ii-

*Lyons v. Lancer Ins. Co.,*
681 F.3d 50, 56-57 (2d Cir. 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

*Main v Donaldson,, Lufkin & Jenrette,*
7 F.3d 1085, 1087 ( 2nd Cir. 1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6

*Marmelstein v Kehillat New Hempstead,*
11 N.Y.3d 15, 862 N.Y.S.2d 311(2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   19

*Martinez v Wegmans Food Mkts.,*
270 AD2d 834 (4th Dep't, 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   15

*McCarthy v. Dun & Bradstreet Corp.,*
482 F.3d 184, 202 (2d Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

*Miner v. Clinton County, N.Y.,*
541 F.3d 464, 471 (2d Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

*Mullen v Sibley, Lindsey & Curr Co.,*
71 AD2d 21(1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   15

*Muza v Niketown NY,*
278 A.D.2d 13 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   15

*Nakiesha v J.C. Penney's Department Stores, Inc,*
2007 WL 1577758 (W.D.N.Y., 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   12

*Nevin v. Citibank,*
107 F. Supp. 2d 349, 2000 U.S. District LEXIS 11006 (S.D.N.Y. 2000). . . . . . . . .   8

*Patterson v. County of Oneida,*
2002 WL 31677033, (N.D.N.Y. Oct. 30, 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . .   13

*Philippeaux v North Central Bronx Hospital,*
1996 U.S. App. LEXIS 30736 (2d Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   8

*Prescod v. American Broadcasting Companies, Inc.,*
1979 WL 242, *4 (S.D.N.Y. May 16, 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   12

*Present v Avon Prods,*
253 A.D.2d 183, 687 N.Y.S.2d 330 [1st Dep't, 1999], appeal
dismissed 93 N.Y.2d 1032, 697 N.Y.S.2d 555 [1999] . . . . . . . . . . . . . . . . . . . . . . .   16

-iii-

*Restrepo v Home Depot U.S.A., Inc,*
92 A.D.3d 857 (2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   15

*Ricci v. DeStefano,*
557 U.S. 557, 586-87, 129 S. Ct. 2658, 174 L. Ed. 2d 490 (2009) . . . . . . . . . . . . .   4

*Sbrigato v JC Penney Corp, Inc,*
954 NYS2d 761, 36 Misc. 3d 1201(A)(Sup.Ct, Kings Cty, 2012) . . . . . . . . . . . . . .   15

*Sindle v New York City Tr. Auth.,*
33 N.Y.2d 293, 352 N.Y.S.2d 183 (1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   15

*Taylor v. Ridley,*
904 F. Supp. 2d 222, 2012 WL 5289594, at (E.D.N.Y. 2012) . . . . . . . . . . . . . . . .   4

*Viza v Town of Greece,*
94 A.D.2d 965, 463 N.Y.S.2d 970 [1983] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   16

*Watkins v Sears, Roebuck & Co.,*
289 A.D.2d 73, 735 N.Y.S.2d 75 (1ˢᵗ Dep't, 2001) . . . . . . . . . . . . . . . . . . . . . . . . .   15

*Waynes v BJ's Wholesale Club, Inc,*
97 A.D.3d 659, 948 N.Y.S.2d 641( 2nd Dep't, 2012). . . . . . . . . . . . . . .. . . . . . . . .   19

*Yusuf v Vassar College,*
35 F. 3d 709, 713 (2d Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6

*Other Sources:*

Federal Rule of Civil Procedure 56 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

42 U.S.C. 1981. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6

By Complaint, dated October 10, 2014 ("Complaint" or " Compl.")[1], Plaintiff, Yolanda Uvidia ("Plaintiff or " Uvidia"), asserted the following five counts against the Defendant ("KDS" or " Defendant"): (Count I) Violation of Equal Rights Clause of 42 U.S.C.§1981, (Count II) Violation of 42 U.S.C. §1985(3), (Count III), False Imprisonment, (Count IV) Malicious Prosecution, (Count V) Intentional Infliction of Emotional Distress). Pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Fed.R.Civ.R"), Defendants  respectfully submit this Memorandum of Law in support of their Motion for Summary Judgment to dismiss the foregoing counts of the Complaint.

## PRELIMINARY STATEMENT

The material facts as to which KDS  contends there are no genuine issues to be tried are set forth in Defendant KDS's accompanying local Civil Rule 56.1 Statement, and are supported by Plaintiffs' depositions testimony, and the deposition testimony of the Defendants, the Affidavit of Clint Harding and other documentary evidence.  These undisputed material facts are incorporated herein by reference[2].

Defendants served their Rule 56.1 Statement pursuant to the rules of this Court and Plaintiff did not serve a counter Rule 56.1 Statement.  Therefore, it is respectfully submitted that the facts set forth in Defendant's Statement should be considered true and accurate.

---

[1]    For the Court's reference, a copy of the Complaint and Answer are annexed as Exhibits 5 and 6, respectively , to the Declaration of Steven F. Goldstein, executed on September 11, 2015, (the "Goldstein Declaration" and cited as " Goldstein Decl.) In support of the instant motion.

[2]    The relevant evidence  is annexed to the accompanying Goldstein Declarations.

## FACTUAL BACKGROUND

The Plaintiff commenced this action seeking money damages in part for the Defendant's alleged violations of (Count I) Violation of Equal Rights Clause of 42 U.S.C.§1981, (Count II) Violation of 42 U.S.C. §1985(3), (Count III), False Imprisonment, (Count IV) Malicious Prosecution, (Count V) Intentional Infliction of Emotional Distress). resulting from the stop, detention and questioning of the Plaintiff on suspicion of shoplifting.

It is undisputed that the Plaintiff was in the Defendant's store located at 2040 Route 27, Bay Shore, New York (Compl. ¶ 5). It is also undisputed that the Plaintiff was stopped, detained by the Defendant for shoplifting.

According to the Plaintiff's Answers to Interrogatories, (Exhibit A) She was in the Defendant's department store on May 7, 2912 at approximately 1:15 p.m. ( Answer #1). She further alleges that she was grabbed by security/loss prevention personnel and rushed off to a secured room (Answer #4). Plaintiff claims that she was stopped, detained, accused of committing a crime and ultimately given a desk appearance ticket by the Suffolk County Police Department (Answer #4). She claims that she did not believe that she was free to leave the room (Answer #9).

The Plaintiff alleges that the stop, detention and appearance ticket were based solely upon the fact that she was Hispanic (Answer #5). She was not arrested (Answer # 27).

Following the aforementioned detainment, it is alleged that the Defendant played an active role in the prosecution of the Plaintiff by falsely accusing her of stealing the store's merchandise. (Answer #10).

Significantly, the Plaintiff admits that she purchased infant items from the Bayshore store on the date in question (Answer #11).

2

According to the Defendant's Store Incident Report (Exhibit B) the Plaintiff was apprehended at 1:12 p.m and released at 2:00 p.m. The report further states that the Plaintiff was observed by Defendant's loss prevention employee, Natisha Whitton, selecting three (3) black Flexees from Women's Intimates Department. She then took the Flexess and other merchandise into a fitting room. She exited several minutes later and put only two(2) of the Flexee's back. She was then observed leaving the store without paying for the third Flexee. She was subsequently approached by Ms. Whitton who identified herself as Loss Prevention for KDS. The Plaintiff voluntarily returned to the store with Ms. Whitton who led her to the Loss Prevention office.

While in the Loss Prevention Office the Plaintiff produced identification at Ms. Whitton's request . She was then taken to a fitting room where Ms. Whitton recovered a the third Flexee concealed on the Plaintiff's person. At no time did Ms. Whitton use physical force on the Plaintiff, nor did she handcuff the Plaintiff. (Exhibit B).

Additionally, the Plaintiff and the Flexee were photographed by the Defendant. (Exhibit B).

Defendant's employee Clint Harding was also present and observed the Plaintiff's behavior. (Exhibit E).

3

## POINT I

## <u>STANDARDS APPLICABLE TO THIS MOTION</u>

Under Federal Rule of Civil Procedure 56, summary judgment is warranted when, viewing the evidence in the light most favorable to the non-movant, the Court determines that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56; *Ricci v. DeStefano*, 557 U.S. 557, 586-87, 129 S. Ct. 2658, 174 L. Ed. 2d 490 (2009); *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 457, 112 S. Ct. 2072, 119 L. Ed. 2d 265 (1992); *Taylor v. Ridley*, 904 F. Supp. 2d 222, 2012 WL 5289594, (E.D.N.Y. 2012) (granting summary judgment to police officer Defendants where non-movant Plaintiff failed to raise genuine issue of fact in civil rights action). Where the nonmoving party "will bear the burden of proof at trial on a dispositive issue," the nonmoving party bears the burden of production under Rule 56 to "designate specific facts showing that there is a genuine issue for trial." See *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (internal quotation marks omitted). A motion for summary judgment requires the party with the burden of proof at trial to come forward with proper evidence and "make a showing sufficient to establish the existence of [each] element of the nonmoving party's case since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 322-23.

In *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986), and *Celotex Corp. v. Catrett*, the Supreme Court articulated the quantum of proof necessary when, as in the case at bar, the Defendant moves for summary judgment. When a Defendant movant requests summary judgment, a nonmovant Plaintiff must set forth specific facts demonstrating a genuine issue. Plaintiff's evidence in opposition must be sufficient to withstand a motion for directed verdict

and support the verdict of a reasonable jury. (See *Anderson*, p. 248). The movant's burden to show

presumptive entitlement to summary judgment is satisfied if the movant points to the absence of any

factual support for an essential element of Plaintiff's claim. If the movant makes this showing (as

initially required by Rule 56(c)), an opposing party that bears the burden of persuasion must respond

(under Rule 56(e)(2)) by setting out specific facts showing a genuine issue that requires trial.

(Corbett)

"The mere existence of a scintilla of evidence in support of the [non-movant's] position will

be insufficient; there must be evidence on which the jury could reasonably find for the [non-

movant]." *Hayut v. State Univ. of N.Y.*, 352 F.3d 733, 743 (2d Cir. 2003); *Lyons v. Lancer Ins. Co.*,

681 F.3d 50, 56-57 (2d Cir. 2012). The nonmoving party cannot avoid summary judgment simply

by asserting "some 'metaphysical doubt as to the material facts." *DeFabio v. East Hampton Union*

*Free Sch. Dist.*, 623 F.3d 71, 81 (2d Cir. 2010).  The non-movant "may not rely on conclusory

allegations or unsubstantiated speculation," *Jeffreys v. City of New York* , 426 F.3d at 554; see

*DeFabio*, 623 F.3d at 81; and must offer "some hard evidence showing that its version of the events

is not wholly fanciful," *Miner v. Clinton County, N.Y.*, 541 F.3d 464, 471 (2d Cir. 2008); see

*McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007); *Caban v. City of N.Y.*, 11-

CV-3417 (SAS), 2012 U.S. Dist. LEXIS 170981,  (S.D.N.Y. Nov. 30, 2012) (quoting *Cifarelli v.*

*Village of Babylon*, 93 F.3d 47, 51 (2d Cir. 1996)). "Mere conclusory allegations, speculation or

conjecture will not avail a party resisting summary judgment." *Cifarelli*, 93 F.3d at 51.

As demonstrated herein, Plaintiffs have failed to carry their burden of proof with respect to

each element so as to sustain their claims, and as such Defendant is entitled to summary judgment

as a matter of law on the three (3) aforementioned claims.

## POINT II

## <u>PLAINTIFFS 42 U.S.C. 1981 CLAIM MUST BE DISMISSED</u>

**A.**      ***The Plaintiffs were not treated any differently than any other Kohl's Department Store shopper***

42 U.S.C. 1981 provides:

> *All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, to be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.*

The elements of a §1981 claim includes (1) the Plaintiff is a member of a racial minority, (2) an intent to discriminate on the basis of race by the Defendant, (3) the discrimination concerned one or more of the activities enumerated in the statute (*Main v Donaldson,, Lufkin & Jenrette*, 7 F.3d 1085, 1087 ( 2nd Cir. 1983).

Section 1981 requires a Plaintiff to plead discriminatory intent with some specificity. *Carson v Lewis*, 35 F. Supp 2d 250, 269-270 ( E.D.N.Y. 1999). 'Naked' assertions of racial motivation will not suffice. (see: *Yusuf v Vassar College*, 35 F. 3d 709, 713 (2d Cir. 1994). A complaint must specifically allege events claimed to constitute intentional discrimination as well as circumstances giving rise to a plausible inference of racial discriminatory intent. There must be some evidence of purposeful and systematic discrimination in the form of specific instances when members of a recognized group are singled out for unlawful oppression in contrast to others similarly situated

6

(*Bishop v Toys R Us*, 2007 U.S. Dist. LEXIS 50990 (S.D.N.Y.)), or evidence of a custom and practice by the Defendants of alleged discriminatory conduct. *Jett v Dallas Indep. Sch. Dist.* 491 U.S. 701, 735-36, 105 L. Ed. 2d 598, 109 S. Ct. 2702 (1989).

To establish a violation of equal protection based upon disparate treatment the Plaintiff's must show that they were (1) selectively treated as compared with others similarly situated, (2) that such disparate treatment was based on impermissible considerations such as race. *Latrieste Restaurant & Cabaret Inc., v Village of Port Chester*, 40 F. 3d 587, 590 (2d Cir. 1994).

An inference of discrimination arises when an individual of race is treated less favorably than those of another race who are similarly situated. *Dowrich v Aramark Healthcare Support Servs.*, No. 03 Civ. 2392, 2007 U.S. Dist. LEXIS 65268 (E.D.N.Y. Sept. 4, 2007).

Here the Plaintiff's Complaint simply alleges that the Defendant's denied Plaintiff, on the basis of her race, ethnicity and national origin the same right to make and enforce contracts, including the enjoyment of all benefits, privileges, terms and conditions of a contractual relationship as is enjoyed by White citizens of the United States, in violation of 42 U.S.C. § 1981.

Where as here the Plaintiff's allegations and the evidence presented in support of the within Motion for Summary Judgment establishes that Plaintiff's equal protection claim is devoid of any proof that the Plaintiffs were selectively treated differently as compared to any other similarly situated group summary judgment should be granted. *Corbett v City of New York*, 2013 U.S. Dist. LEXIS 137824 (E.D.N.Y 2012).

Further, having claimed a violation of the equal protection clause the Plaintiffs were required to present evidence of purposeful and systematic discrimination in the form of specific instances where members of a recognized group were singled out for unlawful oppression in contrast to others

7

similarly situated. *Bishop v Toys 'R' Us-NY LLC*, 441 F. Supp. 2d 385, 393 (S.D.N.Y. 2006) (quoting

*Arguello v Conoco, Inc.*, 330 F. 3d 355, 359-60 (5th Cir. 2003). Taking all of the evidence in the best

light for the Plaintiff's there is no evidence that the Plaintiff was singled out for unlawful oppression

in contrast to other Defendant's shoppers, which is a necessary element to meet their burden of

proving a prima facia case of discrimination. *Gignac v Ontario County.*, 2012 U.S. Dist. LEXIS

4031 (W.D.N.Y. 2012) [Plaintiffs claim under 42 U.S.C. 1981 dismissed for failure to provide

systematic pattern of discrimination by Defendant retailer]. In fact, the evidence presented confirms

that there was no plan or scheme by any of the Defendants to target any particular shopper, based

upon race or gender. (Harding Affidavit-Exhibit E) . Nor were any of the individual Defendants

trained by Defendant KDS to do so. In contrast to the foregoing the Plaintiff's offered no testimony

to establish otherwise. Moreover, as the Plaintiff's failed to allege a custom and practice of

discrimination, summary judgement should be granted *(Philippeaux v North Central Bronx Hospital*,

1996 U.S. App. LEXIS 30736( 2d Cir. 1996) [Plaintiff's discrimination in hiring claim dismissed].


**B.**     ***The Plaintiffs were not prevented from purchasing merchandise***

Essential to their claim of a violation of 42 U.S.C. 1981 is proof that the Plaintiffs were

prevented from entering the Kohl's Department Store or that they were prevented from entering into

a contract by purchasing merchandise while in the store due to her race. *Nevin v. Citibank,* 107 F.

Supp. 2d 349, 2000 U.S. District LEXIS 11006 (S.D.N.Y. 2000)

Those courts which have addressed section 1981 claims in the context of retail transactions

have held that after a purchase is complete, there is no continuing relationship. Instead the

relationship is based on a single discrete transaction. *(Bishop v Toys 'R' Us)*. The Plaintiff admitted

to making a purchase before exiting the store, and, as such, she completed her business despite the

alleged discrimination and therefore, the claim should be dismissed. *(Drayton v Toys 'R' Us*, Inc,

645 F. Supp. 2d 149 (S.D.N.Y. 2009).

**C.**     ***There is no proof of discrimination***

It is respectfully submitted that the Plaintiff can not prove that she was prevented from

entering and/or purchasing merchandise from the Defendant's department store.

The Plaintiff's Complaint does not allege that the Plaintiff was prevented from entering the

store or purchasing merchandise. Further, the Plaintiff's Answer to Interrogatory #11 affirmatively

states that she purchased infant clothing from the store.  Therefore, the Plaintiff's failure to plead that

she was prevented from purchasing entering the store or from purchasing merchandise coupled with

her admission that she did in fac purchase merchandise can lead to only one conclusion, that is that

the Defendant did not violate the Plaintiff's rights under 42 U.S.C. §1981 or 42 U.S.C. §1982.

## POINT III

## PLAINTIFF'S 42 U.S.C. §1985(3) CLAIM MUST BE DISMISSED

42 U.S.C.§1985 (Conspiracy to interfere with civil rights)  provides as follows:

*(1) Preventing officer from performing duties*

> *If two or more persons in any State or Territory conspire to prevent, by force, intimidation,*
> *or threat, any person from accepting or holding any office, trust, or place of confidence*
> *under the United States, or from discharging any duties thereof; or to induce by like means*

any officer of the United States to leave any State, district, or place, where his duties as an officer are required to be performed, or to injure him in his person or property on account of his lawful discharge of the duties of his office, or while engaged in the lawful discharge thereof, or to injure his property so as to molest, interrupt, hinder, or impede him in the discharge of his official duties;

(2) Obstructing justice; intimidating party, witness, or juror

If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;

(3) Depriving persons of rights or privileges

If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

Plaintiff alleges that there was an unlawful agreement among Defendant's high ranking security executives, security managers and store security agents to deprive Hispanic, African

10

American/Black and other non-white persons of the equal protection of the laws and equal privileges and immunities afforded to them under 42 U.S.C. §1981 and 1982 (Complaint ¶28). Assuming that the Plaintiff's reference to §1981 and §1982 is a typographical error, the Complaint still does not state a cause of action under 42 U.S.C. §1985(3).

The elements of §1985(3) claim include (a) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or of a equal privileges and immunities under the law; (3) an act in furtherance of the conspiracy; and (4) whereby a person is either injured in his person or property or deprived of any right of a citizen of the United States. Furthermore, the conspiracy must also be motivated by some racial or perhaps otherwise class-based, invidious discriminatory, animus behind the conspirators' action. *(Main v Donaldson, Lufkin, Jenrette Securities Corp*, 7 F.3d 1085, 1087-1088 (2ⁿᵈ Cir.1983).

Section 1985(3) essentially bans "private conspiracies to accomplish deprivations that are actionable under § 1983 when caused by state officials." United Bhd. of Carpenters, Local 610, 463 U.S. at 840. It is "not required that the conspirators be state officials or act under color of state law .... [rather] the requirement is that the conspiracy was intended to cause the State or a person acting under color of state law to deprive the victims of the conspiracy of their constitutional rights ."

Establishment of a § 1985(3) claim requires proof of a conspiracy between "two or more persons." A conspiracy, for these purposes, need not be shown by proof of an explicit agreement, but can be established by showing that the parties have a tacit understanding to carry out the prohibited conduct.... [A] claim under § 1985(3) may be established against a State if it is proven that the State is involved in the conspiracy or that the aim of the conspiracy is to influence the activity of the State. *LeBlanc-Sternberg v. Fletcher*, 67 F.3d 412, 427 (2d Cir.1995) (quoting §

11

1985(3)) (additional internal quotations omitted).

There is, however, "no conspiracy if the conspiratorial conduct challenged is essentially a single act by a single corporation acting exclusively through its own directors, officers, and employees, each acting within the scope of his employment." *Herrmann v. Moore*, 576 F.2d 453, 459 (2d Cir.1978). *See Prescod v. American Broadcasting Companies, Inc.,* 1979 WL 242, *4 (S.D.N.Y. May 16, 1979)* ("Under the settled law of this Circuit, a legally sufficient § 1985(3) claim is not made out by allegations of an intra-corporate conspiracy, whether the acts of the corporation and its agents are single or multiple, and whether or not the corporate agents are sued in their individual capacity."). As such, the Seventh Cause of action requires a conspiracy not *among* the Store Defendants but, rather, *between* at least one of the Store Defendants and the State.

It is respectfully submitted that the record is devoid of any evidence establishing an agreement between the Defendant and any State agency or actor. In fact as noted above the complaint simply alleges at best an intra-corporate conspiracy which as noted above can form the basis of a claim under §1985(3), (*Nakiesha v J.C. Penney's Department Stores, Inc,* 2007 WL 1577758 (W.D.N.Y., 2007).

In *Nakiesha,* the Plaintiff an African-American, commenced a civil rights action claiming the Defendant, J.C. Penney's Department Stores, Inc its employees and the Erie County Sheriff Deputies for racially discriminating against her by arresting and prosecuting her for shoplifting. Among the various causes of action pled the Plaintiff alleged that her civil rights under 42 U.S.C. §1985(3) were violated. In dismissing her §1985(3) claim the Court held that the record was devoid of any evidence establishing an agreement between the Store Defendants and the Sheriff Deputy, rejecting the anecdotal observations of alleged discrimination by a former Store employee.

12

In holding as it did, the *Nakiesha* court found that even assuming, arguendo that the store Defendants maintained a discriminatory policy of targeting minority customers for shoplifting investigations and false charges, such an intra-corporate conspiracy is insufficient to establish a conspiracy with a government official (citing, *Herrmann v Moore*, 576 F.2d 453, ( 2nd Cir., 1978).

Furthermore, a § 1985(3) civil rights conspiracy claim cannot be maintained in the absence of some evidence establishing the Plaintiff was deprived of some civil right.(*Nakiesha*; *Herrmann*; *Patterson v. County of Oneida*, 2002 WL 31677033, (N.D.N.Y. Oct. 30, 2002) (holding African-American police officer could not maintain civil rights conspiracy claim deprivation of equal protection in violation of Fourteenth Amendment because police officer failed to prove he was deprived of equal protection), aff'd in part, vacated in part, 375 F.3d 206 (2d Cir.2004). Likewise, in the instant action, Plaintiff has failed to establish she was deprived of any civil rights.

## POINT IV

## PLAINTIFF WAS NOT FALSELY IMPRISONED

General Business Law s 218 provides:

In any action for false arrest, false imprisonment, unlawful detention, defamation of character, assault, trespass, or invasion of civil rights, brought by any person by reason of having been detained on or in the immediate vicinity of the premises of (a) a retail mercantile establishment for the purpose of investigation or questioning as to criminal possession of an anti-security item as defined in Section 170.47 of the penal law or as to the ownership of any merchandise, or (b) a motion picture theater for the purposes of investigation or questioning as to the unauthorized operation of a recording device in a motion picture theater, it shall be a defense to such action that

13

the person was detained in a reasonable manner and for not more than a reasonable time to permit such investigation or questioning by a peace officer acting pursuant to his special duties, police officer or by the owner of the retail mercantile establishment or motion picture theater, his authorized employee or agent, and that such officer, owner, employee or agent had reasonable grounds to believe that the person so detained was guilty of criminal possession of an anti-security item as defined in section 170.47 of the penal law or was committing or attempting to commit larceny on such premises of such merchandise or was engaged in the unauthorized operation of a recording device in a motion picture theater. As used in this section, "reasonable grounds" shall include, but not be limited to, knowledge that a person (i) has concealed possession of unpurchased merchandise of a retail mercantile establishment, or (ii) has possession of an item designed for the purpose of overcoming detection of security markings attachments placed on merchandise offered for sale at such an establishment, or (iii) has possession of a recording device in a theater in which a motion picture is being exhibited and a "reasonable time" shall mean the time necessary to permit the person detained to make a statement or to refuse to make a statement, and the time necessary to examine employees and records of the mercantile establishment relative to the ownership of the merchandise, or possession of such an item or device. Such detention at such vicinity shall not authorize the taking of such person's fingerprints at such vicinity unless the taking of fingerprints is otherwise authorized by section 160.10 of the criminal procedure law and are taken by the arresting or other appropriate police officer or agency described therein in accordance with section 140.20 or 140.27 of such law. Whenever fingerprints are taken, the requirements of article one hundred sixty of the criminal procedure law shall apply as if fully set forth herein.

General Obligations Law §218 gives a retailer a defense to an action for false arrest and

14

imprisonment for its detention of as suspect shoplifter if reasonable, even when the criminal action is dismissed, (*Jacques v Sears, Roebuck & Co.*, 30 N.Y.2d 466,466,472, 334 N.Y.S.2d 632 (1972); *Bell v Gap*, 735 N.Y.S.2d 708, 189 Misc.2d 719, (App.Term, 2001). Further, where as here the actions of the Defendant's employees furnished an ample evidentiary basis for a finding that there were reasonable grounds to believe Plaintiff was committing or attempting to commit larceny of such merchandise.(*Bell*).

The Defendant has the burden on summary judgement to demonstrate that there were reasonable grounds for detaining Plaintiff, that the detention was conducted in a reasonable manner and that the detention was for a reasonable duration, (*Restrepo v Home Depot U.S.A., Inc*, 92 A.D.3d 857 (2012); *Muza v Niketown NY*, 278 A.D.2d 13 (2000). Reasonable grounds to detain a suspect under §218 has been equated with a finding of probable cause to arrest, (*Mullen v Sibley, Lindsey & Curr Co.*, 71 AD2d 21(1979).

It has been held that the non-deadly use of force by a guard in apprehending a fleeing shoplifter was reasonable as a matter of law, (*Watkins v Sears, Roebuck & Co.*, 289 A.D.2d 73, 735 N.Y.S.2d 75 (1st Dep't, 2001) [guard tackled suspected shoplifter], *Sindle v New York City Tr. Auth.*, 33 N.Y.2d 293, 352 N.Y.S.2d 183 (1973). At bar no physical force was used to apprehend Plaintiff and therefore, the actions of the Defendants employee was reasonable.

Further, where as here, reasonable grounds to detain  is established as a matter of law by  a Plaintiff walked out of the store without first paying for merchandise (*Sbrigato v JC Penney Corp, Inc*, 954 NYS2d 761, 36 Misc. 3d 1201(A)(Sup.Ct, Kings Cty, 2012), *Martinez v Wegmans Food Mkts.*, 270 AD2d 834 (4th Dep't, 2000)

15

Likewise, the detention of the Plaintiff for less than one (1) hour was reasonable (*Sbrigato*).

In sum, the Plaintiff was observed by the Defendant's loss prevention employee(s) leaving the store without paying for a Flexee which she had secreated underneath her clothing, thereby given rise to probable cause to stop and detain the Plaintiff on suspicion of shoplifting.

### POINT V

### THE PROSECUTION OF PLAINTIFF, IF ANY, WAS JUSTIFIED

The elements of a malicious prosecution case (1) the initiation of a proceeding, (2) its termination favorably to the Plaintiff, (3) lack of probably cause, and (4) malice, (see: *Colon v City of New York,* 60 N.Y.2d 78,82, 468 N.Y.S.2d 453 [1983]. Failure to establish any one of these elements is fatal (*Colon* at 84)

The Plaintiff's complaint alleges that at Defendant's direction the Office of the District Attorney pursued a case against the Plaintiff or Petit Larceny. That case was ultimately dismissed (¶21). However, this allegation, even if correct, fails to raise a triable issue of fact. The actions of Defendant's employees in summoning the police, initiating a criminal complaint (assuming that it did so), and cooperating with the District Attorney's Office (assuming they did so), does not as a matter of law, constitute malicious prosecution, (see: *Conteh v Sears, Roebuck and Co.*, 38 A.D.2d 314, 831 N.Y.S.2d 408 [1st Dep't, 2007]; *Present v Avon Prods*, 253 A.D.2d 183, 687 N.Y.S.2d 330 [1st Dep't, 1999], appeal dismissed 93 N.Y.2d 1032, 697 N.Y.S.2d 555 [1999]. The Plaintiff must show that the Defendant played an active role in the prosecution, such as giving advice and importuning the authorities to act, (see: *Brown v Sears Roebuck and Co.*, 297 A.D.2d 205, 746

16

N.Y.S.2d 141[ 1ˢᵗ Dep't, 2002]; *Viza v Town of Greece*, 94 A.D.2d 965, 463 N.Y.S.2d 970[1983].

### A.      *The Defendant did not initiate a proceeding:*

The mere reporting of a crime to the police and giving testimony are insufficient , it must be shown that the Defendant played an active role in the prosecution, such as giving advice and importuning the authorities to act, (*Viza*). At best the Defendants merely summoned the police and cooperated with the District Attorney's Office:

### B.      *Probable cause existed to detain the Plaintiff:*

Essential to the Plaintiff's claim is proof that the Defendant lacked probable cause to stop and detain her on suspicion of shoplifting. It is respectfully submitted that the competent evidence shows just the contrary. Ms. Whitton and Mr. Harding establish that the Plaintiff was observed removing merchandise from the store without first paying for it. The stop and detention which flowed from the Plaintiff's actions, intentional or not, provided probable cause as a matter of law.

### C.      *The Defendant did not act with malice*

Presumably the Plaintiff is alleging that the Defendant's employees acted with malice in the form of targeting her because she was Hispanic.

Having failed to prove three (3) of the four (4) elements the Plaintiff's malicious prosecution claim must be dismissed.

17

POINT VI

## PLAINTIFF'S CAUSE OF ACTION FOR INTENTIONAL
## INFLICTION EMOTION DISTRESS MUST BE DISMISSED

### A.    *The Complaint:*

The Complaint alleges in pertinent part that as a result of the Defendant's actions the

plaintiff now suffers and continues to suffer emotional trauma, mental anguish (Exhibit C, para 22)

The Complaint further alleges that the Defendant racially profiled the plaintiff and

intentionally and unlawfully accused and arrested her in public, confined her to a closed room

for two hours and falsely accused her of committing a crime without evidence of same, causing

plaintiff to suffer severe emotional distress, embarrassment and lasting and potentially

permanent psychological injury. (Exhibit C, para. 43-44).

### B.    *Elements of the cause of action:*

In order to prevail on her cause of action for emotional distress the Plaintiff must prove

that (1) the Defendant's conduct was extreme and outrageous; (2) intent to cause or disregard of a

substantial probability of causing severe emotional distress; (3) a causal connection between the

conduct and injury and (4) severe emotional distress, (*Howell v New York Post, Co.*, 81 N.Y.2d 115,

595 N.Y.S.2d 350 (1993)).

Liability will only arise in those instances where the conduct complained was extreme

18

and outrageous, measured by the reasonable bounds of decency tolerated by a decent society

(*Marmelstein v Kehillat New Hempstead*, 11 N.Y.3d 15, 862 N.Y.S.2d 311(2008); *Freihfer v*

*Hearst Corp.*, 65 N.Y.2d 135, 490 N.Y.S.2d (1985); *Burlew v Amercian Mut. Ins. Co.*, 63

N.Y.2d412, 482 N.Y.S.2d 720 (1984).

### C.   *Defendant's conduct was not extreme or outrageous:*

Where a party is detained by an employee of a retail establishment on suspicion of

shoplifting, for a period of 1-1 1/2 hours, and told that she had to sign documents in order to leave,

the defendants conduct was not considered extreme and outrageous and the plaintiff's cause of

action for intentional infliction for emotional distress was dismissed *(Waynes v BJ's Wholesale*

*Club, Inc*, 97 A.D.3d 659, 948 N.Y.S.2d 641( 2nd Dep't, 2012).

Likewise, where the Plaintiffs were stopped on suspicion of shoplifting, reported to the

police by a store employee who observed them picking up a snowblower which they had paid

for three days earlier, the court dismissed their cause of action for intentional infliction of

emotional distress which was based on their theory that the Defendant's actions were motivated

by his attempt to discriminate against the Plaintiffs because they were Hispanic (*Colon v Wal-*

*Mart Stores, Inc*, 182 Misc. 2d 921, 703 N.Y.S.2d 863 (Sup.Ct., Montgomery County, 1990).

Further, where as here the evidence shows that the Plaintiff was detained after leaving

the Defendant's store without first paying for merchandise, the Plaintiff's detention by the

Defendant's employees does not, as a matter of law, arise to the extreme conduct necessary to

establish a cause of action for intentional infliction of emotional distress, (*Sbrigato v J. C. Penney Corp, Inc.*, 36 Misc. 3d 1201( A); 954 N.Y.S.2d 761 (Sup.Ct., Kings County, 2012).

## **CONCLUSION**

It is respectfully submitted that in light of the evidence presented, the Defendant's employees had reason to stop and detain the Plaintiff for shoplifting and that their conduct can not as a matter of law be considered to extreme and outrageous. Therefore, Plaintiff cause of action must be dismissed.

Dated: September 11, 2015
      Carle Place, New York

                  Respectfully submitted,

                  STEVEN F. GOLDSTEIN, LLP

                  By: _____
                        STEVEN F. GOLDSTEIN
                  Attorneys for Defendants
                  One Old Country Road, Suite 318
                  Carle Place, New York 11514
                  (516) 873-0011